[No. D004271. Fourth Dist., Div. One. June 16, 1987.]

CYNTHIA PHILLIPS, Plaintiff and Appellant v.
CIVIL SERVICE COMMISSION OF THE COUNTY OF SAN
DIEGO, Defendant and Respondent;
JOHN F. DUFFY, as Sheriff, etc., Real Party in Interest and
Respondent.

COUNSEL

Gregory Evans Knoll for Plaintiff and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Susan J. Boyle, Deputy County Counsel, for Defendant and Respondent.

Janet B. Houts for Real Party in Interest and Respondent.

OPINION

**BUTLER, J.**—Cynthia Phillips was hired by San Diego County (County) August 20, 1982, as a deputy sheriff. The probationary period for perma-

nent appointment as a deputy sheriff is 18 months. She was terminated February 17, 1984, three days before the end of the eighteen-month probationary period. April 20, 1984, Phillips filed a formal request with the County civil service commission (Commission) for a "liberty interest" hearing which was granted. The County's efforts to enjoin the hearing were denied. Following the hearing, the Commission filed its findings, conclusions and decision. The Commission found the County terminated Phillips for misconduct, the stated reasons stigmatized her, she was entitled to a public statement of the termination reasons and opportunity to refute them. The Commission then concluded the misconduct allegations given as reasons for termination were not supported by the evidence. The Commission did not order Phillips's reinstatement or award backpay. Phillips's petition for a writ of mandate to compel the County to reinstate her as a full-time tenured deputy sheriff and to award backpay from the date of termination was denied by the court.[1] She appeals. We affirm.

I

The parties did not lodge with us or with the trial court the record of the administrative proceedings before the Commission. The briefs on appeal do not refer us to the record of the administrative proceedings. The clerk's transcript includes documents to which both parties refer here and which were presented to the trial court. Our factual statements reflect matters admitted in the pleadings below. These include the full text of the findings, conclusions and proposed decision of Commissioner Clarence W. Boyd, Jr., the hearing officer, and the Commission decision, and in documents found in the clerk's transcript. In the absence of the administrative record, we assume the evidence adduced before the tribunal supports the Commission findings and decision *(Foster* v. *Civil Service Com.* (1983) 142 Cal.App.3d 444, 453 [190 Cal.Rptr. 893]; *Mattison* v. *City of Signal Hill* (1966) 241 Cal.App.2d 576, 578-579 [50 Cal.Rptr. 682]) and shall conclude the appeal presents only questions of law.

II

The County's civil service rules spell out the conditions of employment. Appointments from eligible lists to a permanent position as a deputy sheriff are for a probationary period of 18 months (rule 4.2.5(a)). During the probationary period, the appointing authority must investigate the conduct and performance of the employee and make performance appraisals. A

---

[1] The petition names the Commission as the respondent and Sheriff John F. Duffy as real party in interest. Both answered the petition, county counsel on behalf of the Commission and Janet B. Houts as legal adviser for the sheriff.

probationer found to be unsatisfactory or incompetent shall be dismissed. A probationer dismissed at any time within the probationary period has no right to appeal to the Commission as to separation or performance appraisal. A probationer who alleges facts showing a violation of a liberty interest is entitled to a hearing before the Commission in accordance with rules, procedures or policies of the Commission or the personnel director (rule 4.2.5(c)). The County Administrative Manual includes liberty interest, item number 0080-04-5, dated August 11, 1983, which explains the meaning of liberty interest and termination of employment during a probationary period. "Lubey v. City and County of San Francisco (1979) 98 Cal.App.3d 340, 346 states that a failed probationer may be entitled to a name clearing hearing where the individual's termination '... is based on charges of misconduct which "stigmatize" his reputation or "seriously impair" his opportunity to earn a living, or which might seriously damage his standing or associations in his community. Where there is such a deprival of a "liberty interest" the employee's remedy mandated by the Due Process Clause of the Fourteenth Amendment is "an opportunity to refute the charge" (and) "to clear his name." ' " The memorandum provides a probationer who alleges facts showing a liberty interest violation is entitled to a hearing before the Commission. "If a hearing is granted by the Commission, the hearing will be for name clearing purposes only. The Commission does not have the authority to reinstate an individual who has failed his/her probationary period. However, the Commission can order backpay from the date of dismissal to the date that the hearing is completed if a hearing was not granted prior to dismissal and if the Commission determines that liberty interest has been violated."

Phillips requested and the Commission granted her a liberty-interest hearing. Commissioner Boyd was the hearing officer and his findings, conclusions and proposed decision were adopted by the Commission as its own. Based on findings of fact, the Commission concluded Phillips was terminated for misconduct, was entitled to the liberty hearing, and was afforded a hearing with opportunity to hear the reasons for her termination and to refute them. The Commission found: "24. On February 17, 1984, Lt. Goodrich wrote a letter recommending Deputy Phillips' termination as a probationary deputy sheriff.

"25. On February 17, 1984, Lt. Roache of the Sheriff's personnel section wrote a letter which was delivered to Ms. Phillips, stating as follows:

"'Your dismissal while on probation has been recommended by your supervisors based on your continued use of poor judgment with regard to overfamiliarization with both current and past inmates at the Los Colinas Detention Facility. My review of your employment record and the concerns

of your supervisors for maintaining facility security and the professional standards expected of a deputy sheriff causes me to concur with the recommendation that you be separated while on probation effective February 17, 1984.'

"The 'familiarization with both current and past inmates' refers to the August 4, 1983 telephone incident (in Finding No. 12) and the incidents involving the receipt of letters and flowers (in Finding No. 16)." The Commission concluded Phillips was not overly familiar with jail inmates and did not use poor judgment in receiving a telephone call, letters and flowers from an inmate, in effect holding the misconduct allegation of her termination had not been proved.

The Commission further concluded: "7. County Administrative Manual Item No. 0080-04-5 authorizes the Commission, in its discretion, to award back-pay in appropriate circumstances. However, it appears that there is a conflict of judicial opinion on the issue of legal entitlement to back-pay in a liberty interest hearing. (Compare, Lubey v. City and County of San Francisco [1979] 98 Cal.App.3d 340 [additional reinstatement right present] and Wilkerson v. City of Placentia [1981] 118 Cal.App.3d 435 [additional reinstatement right present] with Codd v. Velger [1977] 429 U.S. 624 and Dennis v. S & S Consolidated Rural H. S. Dist. [1978] 577 F.2d 338). Because of this divergence of judicial opinion and because Ms. Phillips' interests are adequately protected by having granted her an opportunity to clear her name, the Commission should not exercise its discretion to award back-pay." (Brackets in original.) The Commission ordered the liberty-interest hearing terminated, Phillips not be awarded backpay and the sheriff to retain a copy of the decision in Phillips's personnel file to be made available to persons inquiring as to the reason for her termination for failure of probation.

### III

██ A probationary employee of a public agency may be dismissed without a hearing and without judicially cognizable good cause. Broad discretion reposes in governmental agencies to determine which probationary employees will be retained. (*Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345-346 [159 Cal.Rptr. 440].) "But there is an important exception to this rule, which is founded upon the Fourteenth Amendment. It arises where there is a deprival of the 'liberty' guaranteed all persons by that amendment's due process clause. The exception will be applied where the probationary employee's job termination, or dismissal, is based on charges of misconduct which 'stigmatize' his reputation, or 'seriously impair' his opportunity to earn a living (*Paul* v. *Davis,* 424 U.S. 693,

702 ...), or which 'might seriously damage his standing or associations in his community' (*Board of Regents* v. *Roth* ... 408 U.S. 564, 573 ... and to the same effect see *McNeill* v. *Butz* [(4th Cir. 1973)] [480] F.2d 314, 319; *Daniel* v. *Porter* [(W.D.N.C. 1975)] 391 F.Supp. 1006, 1010.)

"Where there is such a deprival of a 'liberty interest' the employee's 'remedy mandated by the Due Process Clause of the Fourteenth Amendment is "an opportunity to refute the charge" [and] "to clear his name." ' (*Codd* v. *Velger, supra,* 429 U.S. 624, 627 ....) He must be afforded ' " 'notice and opportunity for hearing appropriate to the nature of the case *before* the termination becomes effective.' " ' (*Board of Regents* v. *Roth, supra,* 408 U.S. 564, 570, fn. 7 ....)" (*Lubey* v. *City and County of San Francisco, supra,* 98 Cal.App.3d 340 at p. 346,[2] fns. omitted, brackets and italics theirs.) Phillips was entitled to and received a liberty-interest hearing. The Commission found the misconduct charges were not supported by the evidence. The Commission ordered her personnel file include those findings which were available for public scrutiny. The stigma attached to termination by reason of misconduct was thus sought to be expurgated. Phillips, however, seeks reinstatement and backpay.

Absent the administrative record, we are unable to determine whether she sought reinstatement in the course of the liberty hearing or through

---

[2] The cases cited in *Lubey* as support for this liberty hearing requirement denied to the employees there concerned the right to a hearing or to redress for termination or refusal to rehire. *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 569 [33 L.Ed.2d 548, 556, 92 S.Ct. 2701], held a nontenured assistant professor hired for one year who was not rehired for the next year was not entitled to a statement of reasons and a hearing on the university's decision not to rehire him. The court noted the record did not suggest the teacher's " 'good name, reputation, honor, or integrity [was] at stake' " (*id.* at p. 573 [33 L.Ed.2d at p. 558]) and there was no suggestion the state imposed on him a stigma or other disability foreclosing his freedom to take advantage of other employment opportunities. Had those suggestions appeared in the record, *Roth* recognized entitlement to notice and a hearing as to the defamation (*Paul* v. *Davis* (1976) 424 U.S. 693, 709 [47 L.Ed.2d 405, 418, 96 S.Ct. 1155]). *Paul* held defamatory statements made by police officers did not deprive the defamed person of any liberty or property interests protected by the Fourteenth Amendment and denied a claim for relief under the Civil Rights Act (42 U.S.C. § 1983).

In *Codd* v. *Velger* (1977) 429 U.S. 624 [51 L.Ed.2d 92, 97 S.Ct. 882], a probationary police officer was dismissed without a hearing or statement of reasons because of an apparent suicide attempt. He was later discharged from employment as a security guard when his employer discovered the account of the incident in his police personnel file. He then sought reinstatement and hearings under 42 United States Code section 1983 and claimed a right to a hearing because of the stigma attached to his termination. The court denied relief for his failure to challenge the truth of the attempted suicide allegation, saying the required hearing is for the sole purpose of providing the terminated probationer an opportunity to clear his name.

*Lubey*'s underpinnings are the dicta expressed in its cited cases for the proposition a liberty hearing is required by the Fourteenth Amendment to afford opportunity to a terminated probationer to clear his or her name of stigma attached to misconduct. Those cases denied reinstatement and backpay entitlement.

other procedures. The Commission's findings, conclusions and decision do not refer to nor discuss any reinstatement request. ■ On this record we cannot determine whether Phillips processed and exhausted any reinstatement remedy available to her and conclude the issue of her reinstatement was not before the Commission or the trial court and is not cognizable by us. We turn to her contention of entitlement to backpay.

County civil service rules as implemented by regulations of the Commission deny to the Commission the authority to reinstate a terminated probationary employee. However, the Commission "can order back pay from the date of dismissal to the date that the hearing is completed if a hearing was not granted prior to dismissal and if the Commission determines that liberty interest has been violated."

The record demonstrates both conditions precedent to an award of backpay were met by Phillips in the course of the liberty hearing. She was terminated without a liberty hearing and the Commission cleared her of the misconduct charges on which her termination was based.

The Commission exercised its discretion to deny backpay for two reasons: (1) a "conflict of judicial opinion on the issue of legal entitlement to backpay in a liberty interest hearing" and (2) Phillips's interests "are adequately protected by having granted her an opportunity to clear her name."

IV

The Commission noted a conflict on the issue of legal entitlement to backpay. In *Lubey* v. *City and County of San Francisco, supra,* 98 Cal.App.3d 340, probationary police officers were terminated without a hearing and without notice of the charges against them which prompted the termination. They sued the city and police chief for reinstatement, backpay, and to require the police chief " 'to set aside his decision and do all things necessary to correct the circumstances complained of herein' " *(id.* at p. 344). The superior court, following a trial, granted the sought-for relief. The Court of Appeal concluded the termination violated provisions of the city charter requiring a due process hearing as to termination of probationary and permanent officers *(id.* at p. 348) and the Fourteenth Amendment requiring such a hearing. While *Lubey* speaks of a liberty-interest hearing, the decision is not premised on that concept. Instead, the court held a pretermination hearing prior to discharge was required for probationers as well as permanent officers. As that hearing was denied them, reinstatement and backpay were properly awarded and the case was remanded to enable the city to conduct the hearing required by the city charter *(id.* at p. 349).

*Lubey* is not dispositive of the backpay issue before us or the reinstatement, were we to consider that issue.

In *Wilkerson* v. *City of Placentia* (1981) 118 Cal.App.3d 435 [173 Cal.Rptr. 294], a probationary employee was summarily discharged following his arrest for theft. The charges were later dismissed. Personnel rules required a grievance procedure for determination whether the discharge was arbitrary or capricious. The arbitrator so declared and awarded reinstatement and denied backpay as not included within his jurisdiction. The reinstated employee petitioned in mandamus in the trial court. The Court of Appeal reversed denial of the petition for the backpay. The court declared the discharge was without due process and came within the *Lubey* doctrine entitling the employee to backpay. The court did not note the city charter provisions in *Lubey* calling for a due process hearing prior to terminating a probationer and, understandably, read *Lubey* for the proposition a liberty hearing which results in rehabilitation of the reputation of the terminated employee necessarily calls for monetary damages by way of backpay. *Wilkerson* is not in conflict with *Lubey*. Both cases proceed from an incorrect premise, i.e., a due process termination hearing is equivalent to a liberty hearing.

*Codd* v. *Velger, supra,* 429 U.S. 624 [51 L.Ed.2d 92, 97 S.Ct. 882], and *Dennis* v. *S & S Consolidated Rural H. S. Dist.* (5th Cir. 1978) 577 F.2d 338, are not in conflict with *Lubey* or *Wilkerson*. *Codd* simply held the terminated probationer failed to establish falsity of the misconduct charge and noted a liberty hearing is for the sole purpose of clearing a stigma.

In *Dennis,* members of a school board remarked a nontenured teacher's contract for the ensuing year was not renewed because he had a drinking problem. The court held he was entitled to a liberty hearing to clear his name of the stigma and reversed a lower court award of backpay and reinstatement, pointing out the purpose of the liberty hearing was to clear the teacher's name and not to recapture his employment or award backpay (*id.* at p. 344).

We conclude there is no divergence of judicial opinion in the cases cited by the Commission with respect to an award of backpay in a liberty hearing. The hearing resulting in an award of reinstatement and backpay in *Lubey* was not a liberty hearing. *Wilkerson,* without analysis, simply followed *Lubey*. Both *Codd* and *Dennis* deny reinstatement and backpay awards in liberty hearings.

V

The Commission's first reason for denying backpay to Phillips was a conflict in legal authority so to do. As we have pointed out, the cases cited

by the Commission do not demonstrate such conflict. The first reason is thus without legal basis to deny backpay. However, the second reason, Phillips's "interests are adequately protected by having granted her an opportunity to clear her name," is in accord with *Roth, Paul, Codd* and *Dennis*, i.e., the sole purpose of a liberty hearing is to clear one's name. Accordingly, the Commission in following applicable federal precedent did not abuse its discretion in denying Phillips an award of backpay.

Judgment affirmed.

Work, Acting P. J., and Todd, J., concurred.