Filed 6/27/23  Aceves v. Edmiston CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DAVID ACEVES, | B314705 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCP01627) |
| v. | |
| JOSEPH EDMISTON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge.  Affirmed.

John Fu for Plaintiff and Appellant.

Richards, Watson & Gershon, Rebecca T. Green, Sarah E. Gerst for Defendant and Respondent.

Appellant David Aceves was terminated by his employer, the Mountains Recreation and Conservation Authority (MRCA), after an investigation into complaints of misconduct. Aceves appealed the termination. Following an administrative hearing, the hearing officer upheld the termination decision. Aceves petitioned the trial court for an administrative writ overturning the termination decision pursuant to Code of Civil Procedure section 1094.5. The court agreed with the hearing officer, concluding that Aceves failed to prove that the decision to terminate him was an abuse of discretion.

Aceves now appeals from the trial court's denial of his writ. He contends that the hearing officer based her decision on inadmissible hearsay evidence and that MRCA failed to establish a valid basis for his termination. We find no error. We therefore affirm the trial court's denial of Aceves's petition.

**FACTUAL AND PROCEDURAL HISTORY**

## I. *Investigation and Termination*

MRCA employed Aceves as a ranger for at least 15 years. In August 2019, a female employee, D. Hatch, notified her supervisor that Aceves had committed misconduct against her. MRCA retained outside investigator Michael Hines to investigate the alleged misconduct. During the investigation, Hines received additional allegations of misconduct by Aceves. Ultimately, the investigation identified seven allegations: (1) inappropriately touching Hatch on July 31, 2019; (2) during the same incident, asking Hatch inappropriate questions regarding her tattoos; (3) using an inappropriate photo on an agency-issued cell phone as the contact image for a female superior, J. Cabral; (4) making inappropriate comments regarding Cabral; (5) leering at female co-worker G. Gomez; (6) making inappropriate remarks to female

2

co-workers between 2004 and 2009; and (7) giving fraudulent information to Hines during the investigation.[1]

In September and October 2019, Hines and another investigator interviewed 12 employees, including the three complaining witnesses and Aceves, regarding the allegations of misconduct. Hines also reviewed documents including emails from August 2019 discussing the allegations, excerpts from the MRCA Employee Handbook (Handbook) and Interim Ranger Manual (Manual), and documentation of Aceves's agreement to abide by the Handbook's rules of conduct. He also conducted a walk-through of the office space where the incidents purportedly occurred.

In his final report, Hines detailed his findings as to each allegation. For allegations 1 and 2, Hatch reported that on July 31, 2019, Aceves walked up behind her in the office and used his finger to pull the upper portion of her dress off her right shoulder, exposing portions of her bra. Aceves then pulled up Hatch's left sleeve two to three inches above the elbow to see partially hidden tattoos. After Hatch pushed his hand away and turned to face him, Aceves stepped back and asked, "Oh, am I being too touchy?" He also asked Hatch how many tattoos she had. Aceves denied this conduct.

Allegation 3 contended that Aceves placed "an offensive graphic," specifically a photograph depicting the Wicked Witch of the West from the Wizard of Oz, as the contact image for supervisor Cabral on his agency-owned cell phone. Cabral

---

[1] This appeal concerns only allegations 1 through 5, as those were ultimately sustained in Aceves's termination appeal. We therefore address allegations 6 and 7 only as necessary for background.

discovered the image on August 14, 2019 when she used Aceves's phone for work. When asked about this conduct during his interview, Aceves stated that he used the photo because Cabral was "toxic." Similarly, allegation 4 contended that Aceves had "used offensive language" in reference to Cabral. During his interview, Aceves admitted referring to Cabral as a "bitch" to male coworkers.

In allegation 5, Cabral reported seeing Aceves "leering inappropriately" at coworker Gomez on August 14, 2019 and "eyeing her up and down." Cabral stated that she was seated next to Aceves at the time and tried to get his attention. Another employee, Sabas Quinonez, told the investigators that he saw Aceves staring toward Gomez as she entered the office and that Aceves told him later that day that Gomez was "beautiful." Aceves claimed he looked toward the door when Gomez entered the office just to see who was entering.

Hines concluded that all seven allegations were true. He determined that Aceves lacked credibility regarding the subjects of the investigation and detailed the bases for that finding. Hines also found Hatch and Cabral credible, based on their detailed, consistent accounts and corroborating evidence.

On November 7, 2019, MRCA issued a notice of proposed discipline to Aceves. The notice stated that Hines had conducted an investigation into "misconduct and violations" of the Handbook allegedly committed by Aceves. Although Hines had sustained all seven allegations, MRCA concluded that the findings related to allegation 6 fell outside of the applicable statutes of limitations and therefore "do not form a basis for the proposed disciplinary action." The remaining sustained allegations were determined to be a violation of several sections

4

of the Handbook and the Manual's code of conduct. In light of the sustained allegations 1 through 5 and 7, MRCA recommended terminating Aceves and notified him of his right to appeal.

Aceves responded to the notice through counsel on November 20, 2019. He denied the allegations except for numbers 3 and 4. He proposed a written warning instead of termination and asserted that the allegations were insufficient to justify termination.

MRCA issued a notice of discipline on November 26, 2019. In the notice, MRCA stated that it had carefully considered the facts and Aceves's response, and determined there would be no change to the recommendation for termination. The notice also informed Aceves that he would be terminated effective upon the completion of the appeal period.

## II.    *Administrative Appeal*

Aceves submitted a written appeal and demand for administrative hearing on December 1, 2019. The administrative hearing was held before MRCA hearing officer Rorie Skei on February 25, 2020. The hearing included testimony by Hines, MRCA Deputy Executive Officer Tim Miller (who recommended termination), Quinonez, and Aceves.

Skei issued a final decision on April 8, 2020, denying the appeal and imposing the recommended termination. She stated that she agreed with the conclusions of the investigator regarding allegations 1 through 5.[2] Specifically, Skei cited Hines's testimony regarding his experience in conducting over 200 internal investigations and his detailed testimony regarding the

_____

[2] Skei found the evidence related to allegation 7 inconclusive, and thus excluded that allegation from her decision to impose the recommended termination.

process of interviewing witnesses and determining credibility. Based on Hines' determinations, as well as her independent review of the witness interview transcripts, Skei concluded that Hatch and Cabral "had no motivation to lie about their allegations, and accurately described interactions between them" and Aceves. Skei noted that Aceves admitted allegations 3 and 4, which violated the Handbook. Further, although Aceves denied touching Hatch or leering at Gomez, Skei found his demeanor "angry and defensive" and found his testimony was not credible.

Skei concluded that Aceves's conduct violated MRCA's policies "against harassment, workplace equity, and workplace standards. . . . Unwanted physical touching, leering, and asking about private matters concerning a coworker's body are unacceptable and are grounds for termination." Further, she found that as a sworn peace officer, Aceves must "respect and obey the chain of command"; thus, his conduct related to Cabral was an attempt to undermine her supervisory authority and therefore a "further basis for termination."

## III.  *Writ Proceedings*

Appellant filed a petition for writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5 on May 8, 2020 against Joseph Edmiston, Chief Deputy Executive Officer of the MRCA.[3]  He alleged that he had exhausted his

---

[3] MRCA objected below that Aceves had wrongly named Edmiston, the Executive Officer, as the respondent in his petition, as Edmiston was not the administrative hearing officer and the petition alleged no wrongdoing by him individually. MRCA and Edmiston stipulated to having the trial court "decide this case on the merits as if the MRCA was named as the respondent." The trial court proceeded accordingly and we do the same.

administrative remedies and that MRCA "has no grounds to justify Petitioner's termination." He further alleged that MRCA's entire case was based on hearsay testimony from investigator Hines, which was inadmissible except to support other admissible evidence. Aceves also contended that even if the evidence was admissible, it was insufficient to support his termination. Aceves denied wrongdoing, except that he admitted "communicat[ing] his opinion of Ms. Cabral as being a 'bitch' having a 'toxic' personality." Aceves sought reversal of his termination and reimbursement of lost wages.

MRCA filed a brief in opposition to the petition. It noted several times that Aceves's employment was at-will and he could be terminated at any time, with or without cause. However, because Aceves was charged with misconduct, MRCA provided an administrative hearing in order to afford Aceves his appeal rights as a public safety officer under the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.) (POBRA).[4] Nevertheless, MRCA argued that it was not required to produce evidence to support the reasons for the discharge, thus, there "can be no prejudicial abuse of discretion." In addition, MRCA argued that substantial evidence supported the termination decision.

The court held a hearing on the writ petition on May 25, 2021. The court noted that hearsay evidence was permissible pursuant to the Manual section 3.7.14. Aceves's counsel argued that even though he could have been fired without cause, MRCA could not rely on his at-will status as it terminated him for cause based on the allegations, which were insufficient to support a

---

[4] All further statutory references are to the Government Code unless otherwise indicated.

7

termination. MRCA's counsel argued that it had no burden of proof to support its termination decision over an at-will employee and that Aceves failed to meet his burden to show error.

The court denied the writ petition in a written ruling on May 25, 2021. As an initial matter, the court found that although Aceves brought his petition seeking a writ of administrative mandamus under Code of Civil Procedure section 1094.5, the case was properly considered as seeking a writ of traditional mandamus under Code of Civil Procedure section 1085.[5] The court also found that Aceves was "an at-will employee who was subject to termination at any time, with or without cause." As such, MRCA was only required to provide Aceves a "name-clearing" appeal hearing under the POBRA. Given the limited scope of the appeal hearing, the court concluded that it did not have the power to reverse MRCA's decision to terminate Aceves; rather, the court "only has mandamus power to ensure that MRCA followed its own rules and procedures (which are not at issue) and to determine if substantial evidence supports the five Allegations against Aceves for purposes of clearing his name."

Next, the court rejected Aceves's argument that MRCA could not use hearsay evidence to support the allegations against him. The court found that the Manual dictated the procedures for MRCA's administrative appeals for at-will employees such as Aceves, not the Rules of Evidence. The Manual expressly allowed the consideration of "all relevant information."

The court reviewed the MRCA policies implicated by Aceves's conduct. First, Handbook section 3.1 (general rules),

---

[5] Aceves does not challenge this ruling on appeal.

prohibits "unethical or illegal" conduct, including "(a) Any action that negatively reflects upon or substantially hinders MRCA or its functions; (b) Insubordination, including improper conduct toward a supervisor . . .; and (c) Any type of harassment of other employees. . . ." Second, Handbook section 3.4 (anti-harassment) prohibits harassment, which is defined to include any conduct that "has the purpose or effect of unreasonably interfering with an individual's work performance," unwanted verbal and/or physical sexual advances, "visual conduct, such as leering," and "physical conduct, such as touching." Third, Handbook section 7.2 (technology and communication devices) requires employees to use MRCA-owned devices, including cell phones, with "common sense and sound judgment" and prohibits use "in a manner prohibited in any other part of the Handbook." Finally, Manual Chapter 2 (law enforcement code of conduct), section 2.1.1, explains that because of the "nature of their duties and responsibilities and the special public trust they bear, law enforcement personnel are subject to close scrutiny and are held to additional standards of conduct. Section 2.1.2 also requires law enforcement personnel to "[m]aintain decorum, command of temper, and exercise patience and discretion at all times"; conduct "himself/herself in a professional manner," including by refraining from using "[i]nappropriate harsh, violent, profane, or insolent language"; and avoid "[c]onduct unbecoming an officer."

Based on this framework, the court reviewed the evidence presented for allegations 1 through 5 and found that each was supported by substantial evidence. The court also found that the harassing conduct in allegations 1, 2, and 5 violated the Handbook sections 3.1 and 3.4, and the insubordination in

9

allegations 3 and 4 violated the Handbook section 3.1 and the Manual section 2.1.2.

The court concluded that Aceves was an at-will employee and properly received an appeal hearing at which he was unable to persuade MRCA to retain him. Accordingly, the court denied Aceves's petition. However, the court also noted that the allegations against Aceves "were modest in nature and – with the possible exception of his actions with Hatch – would not constitute cause for dismissal without progressive discipline. . . . [Aceves] has created a record showing that his conduct was not egregious for purposes of his reputation and future employment."

The court entered judgment for MRCA.

Aceves timely appealed.

## DISCUSSION

### I. *Legal Standards*
#### A. *Standard of Review*

Aceves filed his petition as a writ for administrative mandamus pursuant to Code of Civil Procedure section 1094.5. However, the trial court found that this action was properly considered as a writ of traditional mandamus under Code of Civil Procedure section 1085, a decision that Aceves does not contest. We perform the same function as the trial court in a traditional mandamus action, and therefore we review the agency's decision and not the trial court's findings. (*Khan v. Los Angeles City Employees' Retirement System* (2010) 187 Cal.App.4th 98, 105–106.) We consider the record to determine whether MRCA abused its discretion, "namely, whether its decision was arbitrary, capricious, entirely lacking in evidentiary support, unlawful, or procedurally unfair." (*Ibid.*, citing *Bright Development v. City of Tracy* (1993) 20 Cal.App.4th 783, 795.)

10

The petitioner bears the burden of proving that the agency's decision was invalid and should be set aside. (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1154.)

**B.** ***"Name-clearing" Hearing under the POBRA***

The POBRA "provides a catalogue of basic rights which must be afforded all peace officers by the public entities which employ them." (*Riveros v. City of Los Angeles* (1996) 41 Cal.App.4th 1342, 1358 (*Riveros*).) At issue here is section 3304, which provides, in relevant part: "(b) No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." Although probationary and non-tenured employees may be discharged at-will and without good cause, there is an exception where that dismissal is based on charges of misconduct which could stigmatize his or her reputation or make it difficult to obtain other law enforcement jobs. (*Riveros, supra*, 41 Cal.App.4th at p. 1358; see also *Phillips v. Civil Service Com.* (1987) 192 Cal.App.3d 996, 1001.) Under those circumstances, the employee has a "liberty" interest implicating the due process protections of the Fourteenth Amendment to the United States Constitution, which requires the employer to provide an opportunity for the "name-clearing appeal" pursuant to section 3304, subdivision (b) before the termination becomes effective. (*Riveros, supra*, 41 Cal.App.4th at p. 1358, citing *Phillips v. Civil Service Com., supra*, 192 Cal.App.3d at p. 1001; *Lubey v. City and County of San Francisco* (1979) 98 Cal.App.3d 340, 345-346.)

"The limited purpose of the section 3304 appeal is to give the peace officer a chance to establish a formal record of the circumstances surrounding his termination and try to convince

11

his employer to reverse its decision, either by showing that the charges are false or through proof of mitigating circumstances." (*Riveros, supra*, 41 Cal.App.4th at p. 1359, citing *Binkley v. City of Long Beach* (1993) 16 Cal.App.4th 1795, 1806 (*Binkley*).) These protections do not abrogate the public entity's right to terminate a non-tenured officer's employment at will. (*Riveros, supra*, 41 Cal.App.4th at pp. 1359-1360; *Barnes v. Personnel Department* (1978) 87 Cal.App.3d 502, 505-506.) Nor does it place a burden of proof on the employer at the hearing to provide evidence sufficient to sustain the charges. (*Riveros, supra*, 41 Cal.App.4th at pp. 1360-1361 [rejecting the contention that the employer bears the burden of proof at a section 3304 hearing]; *Binkley, supra*, 16 Cal.App.4th at p. 1809 [same].)

## II.     *Analysis*

Aceves contends that MRCA "could not meet its burden of proof" to establish allegations 1 through 5 because its entire case was based on inadmissible hearsay evidence. Specifically, he notes that MRCA relied principally on testimony by Hines regarding his investigatory interviews, rather than direct testimony from eyewitnesses or alleged victims. Aceves concedes that the hearing "was an informal administrative hearing," where "hearsay is technically admissible," but argues that "such evidence _can not stand on its own_ but be [*sic*] used only to support other admissible evidence."

Aceves is incorrect in several respects. First, he contends that hearsay was improperly admitted during his hearing. Both the hearing officer and the trial court rejected this argument, finding that hearsay is admissible in an administrative appeal pursuant to the Manual, section 3.7.14 and that the rules of evidence do not apply. Section 3.7 of the Manual sets forth the

12

applicable procedures for a hearing against an MRCA officer, such as Aceves. Section 3.7.14 provides, "The hearing shall be conducted without regard to the formal rules of evidence and all relevant information pertaining to the complaint and the proposed discipline may be considered in reaching the decision." Aceves does not address this section of the manual or the trial court's findings in his opening brief on appeal, and he did not file a reply brief.

Instead, as he did below, Aceves cites section 11513, subdivision (c) to support his hearsay argument. However, as the trial court found, that section is part of the Administrative Procedure Act, which applies to state agencies, not to local agencies such as MRCA. (See §§ 11500, subd. (a) [defining "agency" as including "the state boards, commissions, and officers"], 11501; see also *Allen v. Humboldt County Bd. of Supervisors* (1963) 220 Cal.App.2d 877, 883 ["The Administrative Procedure Act applies only to those state agencies enumerated therein and does not apply to local agencies."].) Aceves makes no showing that the trial court's finding was error and provides no other authority or explanation suggesting how the statute is applicable to these proceedings. Similarly, his reliance on cases involving administrative hearings in other contexts is not persuasive. (See *Ashford v. Culver City Unified School Dist*. (2005) 130 Cal.App.4th 344, 347, 349 [rejecting use of unauthenticated videotape where school district had evidentiary burden to present admissible evidence in support of the charges against employee]; *Desert Turf Club v. Board of Supervisors* (1956) 141 Cal.App.2d 446, 455-456 [reversing decision by board of supervisors to deny a horse racing permit based on moral objections rather than evidentiary findings].) We therefore find

13

no error by the MRCA hearing officer in considering hearsay evidence during the section 3304 appeal.

Second, the record does not support Aceves's contention that the entirety of MRCA's case was based on hearsay evidence. In fact, Aceves *admitted* the factual bases for allegations 3 and 4 regarding Cabral. Hines also testified as to his own conduct during the investigation and detailed non-hearsay evidence he reviewed, including the photo on Aceves's phone and the relevant workspace areas where the misconduct purportedly occurred. In addition, Quinonez, who identified himself as a friend of Aceves, testified as an eyewitness and refuted several of the claims made by Aceves.

Third, Aceves's claim that MRCA had the burden of proof to provide evidence in support of his termination ignores the scope and purpose of the section 3304 appeal hearing. As detailed above, the purpose of the hearing is to provide Aceves with his right under the POBRA to "establish a formal record of the circumstances surrounding his termination and try to convince his employer to reverse its decision." (*Riveros, supra*, 41 Cal.App.4th at p. 1359.) It does not alter MRCA's ability to discharge an at-will employee; thus, there was no evidentiary burden for MRCA to meet. (*Id.* at pp. 1360-1361; *Binkley, supra*, 16 Cal.App.4th at p. 1809.) Aceves has cited no authority to support his contention regarding the burden of proof and we need not consider the argument further. (See, e.g., *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

Aceves has not met his burden to establish any abuse of discretion by MRCA in his termination. Notably, he does not raise any procedural challenge to his termination or section 3304 hearing, nor does he dispute that he was an at-will employee. He contends that allegations 1 through 5 lacked substantial evidence and could not support his termination, but this argument again improperly assumes that MRCA had the burden of proof. It did not, and Aceves has not shown how MRCA abused its discretion in terminating him from his at-will employment. We additionally reject Aceves's contention that the hearing officer lacked substantial evidence to sustain allegations 1 through 5. Aceves admitted allegations 3 and 4, simply arguing that the conduct was not severe enough to warrant termination. With respect to allegations 1, 2, and 5, the hearing officer's decision to sustain those allegations was amply supported by the evidence presented, including the witness statements collected by Hines and his testimony at the hearing. Aceves's citation to evidence supporting his version of events, which the hearing officer largely rejected as not credible, does not alter that conclusion. Similarly, Aceves's claim that the evidence would be insufficient to establish a state law claim for harassment or insubordination is also irrelevant, as he was terminated for conduct in violation of the Handbook, not state law. Aceves has made no showing that his conduct did not violate the Handbook and Manual in the manner that MRCA claimed.

Finally, Aceves's suggestion that the trial court raised the issue of at-will employment sua sponte in denying the writ petition is meritless. MRCA argued precisely that point in its brief below and the parties both addressed it during oral argument.

15

We therefore affirm the trial court's order denying appellant's writ petition.

## DISPOSITION

The judgment is affirmed.  Respondent may recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:



CURREY, ACTING, P.J.



MORI, J.