[No. D055852. Fourth Dist., Div. One. Oct. 26, 2010.]

CARMEN KOVACEVIC, Plaintiff and Appellant, v.
AVALON AT EAGLES' CROSSING HOMEOWNERS ASSOCIATION
et al., Defendants and Respondents.

**COUNSEL**

Carmen Kovacevic, in pro. per., for Plaintiff and Appellant.

Borton Petrini, Paul Kissel, Jonathan P. Geen; Wood, Smith, Henning & Berman, Lane E. Webb and Alan E. Greenberg for Defendants and Respondents.

**OPINION**

**AARON, J.—**

## I.

## INTRODUCTION

Carmen Kovacevic, in propria persona, filed a complaint containing 11 causes of action against Avalon at Eagles' Crossing Homeowners Association (Avalon), various directors of Avalon, and the property management company that manages the condominium complex in which Kovacevic lives, Bruner & Rosi Management, Inc. (Bruner & Rosi). Defendants filed a notice pursuant to Code of Civil Procedure section 391.7, subdivision (c) (hereafter section 391.7(c)) in which they requested that the court dismiss the case on the ground that Kovacevic is a vexatious litigant who, in filing this action, violated a 2002 prefiling order that precludes her from filing any new litigation in propria persona without leave of court.[1] The trial court entered a judgment dismissing the action without prejudice.

On appeal, Kovacevic claims that the trial court erred in dismissing the case. Kovacevic claims that she "cured" the improper in propria persona filing of the litigation through her subsequent retention of counsel to represent her in the action.[2] We affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2008, Kovacevic, in propria persona, filed a complaint containing 11 causes of action against defendants. The causes of action included negligence, breach of contract, misrepresentation, and trespass.

---

[1] Unless otherwise specified, all subsequent statutory references are to the Code of Civil Procedure. Section 391.7(c) specifies the circumstances under which a trial court shall dismiss litigation that is filed by a vexatious litigant in violation of a prefiling order.

[2] In her reply brief, and at oral argument, Kovacevic alluded to several additional claims, including whether trial court properly awarded costs and whether defendants properly served their section 391.7(c) notice of mistaken filing. To the extent that Kovacevic intends to raise these claims on appeal, we decline to consider them. Kovacevic has not demonstrated good cause for raising these points for the first time in reply. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 [93 Cal.Rptr.2d 364] [" ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before" ' "].) In addition, Kovacevic did not raise these points under a separate heading or subheading of her brief, as required. (See Cal. Rules of Court, rule 8.204(a)(1) ["Each brief must: [¶] . . . [¶] (B) State each point under a separate heading or subheading summarizing the point . . ."].)

On May 19, 2009, Attorney Anthony Thompson substituted into the case as Kovacevic's counsel.

On June 4, defendants filed a notice pursuant to section 391.7(c) in which they stated that Kovacevic is a vexatious litigant who is subject to a 2002 prefiling order that precludes her from filing any new litigation in propria persona without leave of court. Defendants argued that the clerk had mistakenly filed Kovacevic's complaint, and requested that the court dismiss the case pursuant to section 391.7(c).

Defendants supported their section 391.7(c) notice with a copy of the 2002 prefiling order and a copy of the vexatious litigant list that the Administrative Office of the Courts (AOC) maintains. The 2002 order states in relevant part: "The court . . . issues a prefiling order preventing [Kovacevic] from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." Kovacevic's name appears on the AOC's vexatious litigant list.

On June 10, Kovacevic's counsel filed a first amended complaint. The first amended complaint contains four causes of action, and names Avalon, and Bruner & Rossi as the sole defendants.[3]

On July 7, the trial court held a hearing on defendants' request to dismiss the case pursuant to section 391.7(c). Attorney Harold Thompson appeared on Kovacevic's behalf.[4] The trial court indicated that Kovacevic is a vexatious litigant who is subject to a prefiling order that precludes her from filing litigation in propria persona without obtaining permission from the presiding judge. The court noted that Kovacevic had not obtained the requisite permission.

Kovacevic's counsel argued that she had "kind of corrected" the improper in propria persona filing by obtaining representation. The court responded, "I understand now she has an attorney. . . . I don't think going out and getting an attorney after the fact saves the complaint." At the conclusion of the hearing, the court dismissed the action without prejudice.

On August 10, the trial court entered a judgment of dismissal without prejudice, in favor of Avalon, and Bruner & Rosi.

---

[3] The record also includes a first amended complaint that bears a June 1, 2009 file stamp and the notation "File stamp cancelled." The reason for the cancellation of the file stamp is not clear from the record.

[4] At the hearing, Attorney Harold Thompson explained that Attorney Anthony Thompson was unable to attend the hearing. Harold Thompson and Anthony Thompson are both attorneys affiliated the with same law firm.

Kovacevic timely appeals.

## III.

## DISCUSSION

Kovacevic claims that the trial court erred in dismissing this case pursuant to section 391.7(c). Kovacevic acknowledges that the dismissal was proper under a "literal interpretation" of section 391.7(c), but maintains that this court should apply a "flexible, policy-oriented construction of vexatious litigant law," and hold that Kovacevic "cured" the improper in propria persona filing through her subsequent retention of counsel.

Kovacevic's claim raises a question of statutory interpretation, which we review de novo. (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219 [120 Cal.Rptr.2d 879] (*Bravo*).)

A. *Governing law*

1. *General principles of statutory interpretation*

■ "In construing any statute, '[w]ell-established rules of statutory construction require us to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' [Citation.] 'We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.' [Citation.] If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citation.]" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 484–485 [17 Cal.Rptr.3d 88].)

2. *The vexatious litigant statutory scheme*

California's vexatious litigant statutes are codified in sections 391 through 391.7. In *Bravo*, this court provided an overview of this statutory scheme:

■ "Vexatious litigant statutes were created 'to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues.' [Citation.] These 'persistent and obsessive' litigants would often file groundless actions against judges and other court officers who made adverse decisions against them. [Citation.] 'Their abuse of the system not only wastes

court time and resources, but also prejudices other parties waiting their turn before the courts.' [Citation.]

"The Legislature first enacted sections 391.1 through 391.6 in 1963, as a means of moderating a vexatious litigant's tendency to engage in meritless litigation. [Citations.] Under these sections, a defendant may stay pending litigation by moving to require a vexatious litigant to furnish security if the court determines 'there is not a reasonable probability' the plaintiff will prevail. Failure to produce the ordered security results in dismissal of the litigation in favor of the defendant. [Citations.]

"In 1990, the Legislature enacted section 391.7 to provide the courts with an additional means to counter misuse of the system by vexatious litigants. Section 391.7 'operates beyond the pending case' and authorizes a court to enter a 'prefiling order' that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge. [Citation.] The presiding judge may also condition the filing of the litigation upon furnishing security as provided in section 391.3. [Citation.]" (*Bravo, supra*, 99 Cal.App.4th at pp. 220–221.)

In addition to the provisions summarized in *Bravo*, section 391 contains a list of statutory definitions of terms that are used throughout the scheme, and provides in relevant part:

"As used in this title, the following terms have the following meanings:

"(a) 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any state or federal court."

3. *Section 391.7*

Section 391.7 provides:

"(a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court.

"(b) The presiding judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3.

"(c) The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

"(d) For purposes of this section, 'litigation' includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.

"(e) The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state."

B. *Application*

 It is undisputed that Kovacevic is a vexatious litigant subject to a 2002 prefiling order that precludes her from filing any new litigation in propria persona without first obtaining an order from the presiding judge permitting the filing. It is further undisputed that Kovacevic did not, at any time, obtain an order from the presiding judge permitting her to file this litigation.[5] Accordingly, pursuant to the plain language of the statute, the trial court properly dismissed the litigation pursuant to section 391.7(c).

 We are not persuaded by Kovacevic's claim that section 391.7(c) precludes a trial court from dismissing litigation that a vexatious litigant has filed in propria persona if the vexatious litigant obtains counsel prior to defendant's filing of a notice of mistaken filing. Kovacevic's interpretation of section 391.7(c) would require us to read the statute as if the words "or

---

[5] Kovacevic states in her reply brief that, after this case was dismissed, she filed a request to file litigation that incorporated her original complaint from this case. According to Kovacevic, the trial court granted that request, and the new action is currently stayed pending the outcome of this appeal. In her opening brief, Kovacevic claims that if this court affirms the dismissal in this case, her negligence cause of action will be barred by the statute of limitations.

obtains counsel" appear in the text of the statute. " 'We may not insert words into a statute under the guise of interpretation [citation].' [Citation.]" (*Katz v. Los Gatos-Saratoga Joint Union High School Dist.* (2004) 117 Cal.App.4th 47, 65 [11 Cal.Rptr.3d 546].)

We also reject Kovacevic's argument that *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183 [58 Cal.Rptr.3d 466] (*Forrest*), requires us to adopt her interpretation of 391.7(c). In *Forrest*, the court considered whether a prefiling order entered pursuant to section 391.7, subdivision (a) permits a trial court to dismiss a vexatious litigant's lawsuit if the vexatious litigant becomes unrepresented during the pendency of the lawsuit. (*Forrest*, at p. 188.)[6] In concluding that the court may dismiss the lawsuit under these circumstances, the *Forrest* court noted that "[s]ection 391.7 has been broadly interpreted . . . ." (*Forrest, supra,* 150 Cal.App.4th at p. 195), and observed that the definition of "litigation" contained in section 391, subdivision (a) "encompasses lawsuits beyond the initial filing to include those that are maintained or pending" (*Forrest*, at p. 197). The *Forrest* court reasoned that it "would be anomalous for the statute to permit the entry of a prefiling order based on a litigant's bad faith acts throughout a lawsuit but then limit application of the order to the filing of a new lawsuit and have no application during its pendency." (*Ibid.*) The *Forrest* court held that "the requirements of a prefiling order, under section 391.7, remain in effect throughout the life of a lawsuit and permit dismissal at any point when a vexatious litigant proceeds without counsel or without the permission of the presiding judge." (*Ibid.*)

Assuming for purposes of this opinion that *Forrest* was correctly decided,[7] that decision does not support Kovacevic's interpretation of section 391.7(c). Most fundamentally, contrary to Kovacevic's assertion in her brief that the *Forrest* court "re-interpreted" section 391.7(c), the *Forrest* court did not apply this subdivision in affirming the dismissal in that case. Rather, the *Forrest* court concluded that a trial court has the inherent power to dismiss a lawsuit to enforce a prefiling order entered pursuant to section 391.7, subdivision (a). (See *Forrest, supra,* 150 Cal.App.4th at p. 197, fn. 8.)

---

[6] In *Forrest*, the plaintiff filed the complaint in propria persona. (*Forrest, supra,* 150 Cal.App.4th at p. 189.) The plaintiff later obtained representation, and counsel filed a first amended complaint. (*Ibid.*) Counsel subsequently withdrew from the case, and the court dismissed the plaintiff's case on the ground that the plaintiff had failed to retain new counsel. (*Id.* at pp. 190, 193.)

[7] In *Shalant v. Girardi* (2010) 183 Cal.App.4th 545 [107 Cal.Rptr.3d 419] (review granted July 21, 2010, S182629), the Court of Appeal disagreed with the *Forrest* court's interpretation of section 391.7, and concluded that a prefiling order issued pursuant to section 391.7 governs only the initiation of a lawsuit, and not the prosecution of litigation. However, in light of the Supreme Court's grant of review in *Shalant*, we may not, and do not, rely on that decision in this appeal. (Cal. Rules of Court, rules 8.1105(e), 8.1115(a).)

Further, the *Forrest* court *broadly* interpreted section 391.7, subdivision (a) to *affirm* the dismissal of a vexatious litigant's lawsuit. In this case, Kovacevic argues that we should *narrowly* interpret section 391.7(c) so as to *reverse* the dismissal of a vexatious litigant's lawsuit.

We further reject Kovacevic's contention that "if attorney loss causes [a] represented plaintiff to require the Presiding Judge's approval [as in *Forrest*], an unrepresented plaintiff no longer requires court approval after obtaining an attorney." We see no basis for extending *Forrest* in this fashion. The *Forrest* court's conclusion that section 391.7 permits dismissal of a lawsuit "at any point when a vexatious litigant proceeds without counsel" (*Forrest, supra,* 150 Cal.App.4th at p. 197), was based in large part on the fact that the definition of "litigation" in section 391.7, subdivision (a) includes pending lawsuits. Regardless of whether the *Forrest* court was correct in this analysis, the term "litigation" in section 391.7(c) clearly encompasses the act of filing a new lawsuit, and it is that act that is at issue in this case. Further, section 391 is clear in providing only a single exception to the rule of automatic dismissal upon the proper filing of a notice of mistaken filing. The statute unambiguously provides that the litigation shall be dismissed *unless* the plaintiff obtains permission of the presiding judge to file the litigation within 10 days of the filing of the notice of mistaken filing. (§ 391.7(c).) Nothing in *Forrest* suggests anything to the contrary.

Finally, we reject Kovacevic's argument that because section 391.7(c) is "textually unclear," we should consider various public policy concerns that she contends support her interpretation of the statute. For the reasons stated above, we reject Kovacevic's contention that the statute is unclear with respect to whether the retention of counsel cures an improper in propria persona filing. In any event, none of the policy concerns that Kovacevic outlines in her brief call for adopting her interpretation of section 391.7(c). Kovacevic argues that permitting a trial court to dismiss a lawsuit after a vexatious litigant has obtained counsel will encourage defendants to file their notice of mistaken filings at the "most unpropitious time" for a vexatious litigant. Similarly, Kovacevic contends that defendants' interpretation "contributes to an atmosphere of excessive punitiveness" against vexatious litigants.

The statute places no time limitation on a party's filing of a notice of mistaken filing. Thus, a vexatious litigant, who—although subject to a prefiling order—nevertheless files an improper in propria persona lawsuit, faces the possibility that the lawsuit will be dismissed pursuant to section 391.7(c), regardless of the impact that a dismissal will have on the vexatious

litigant.[8] Further, dismissing a lawsuit that the vexatious litigant had no right to file in the first place cannot reasonably be deemed to be excessively punitive. Rather, such a result is fully consistent with the statute's purpose of "counter[ing] misuse of the system by vexatious litigants." (*Bravo, supra*, 99 Cal.App.4th at p. 221.)

## IV.

## DISPOSITION

The judgment is affirmed. Kovacevic is to bear all costs on appeal.

Benke, Acting P. J., and McDonald, J., concurred.

A petition for a rehearing was denied November 17, 2010.

---

[8] As Kovacevic acknowledges in her brief, "[a]llowing cure of [a] mistaken filing by vexatious litigants might be thought to encourage *their* game playing when litigants file without an attorney in the hope of obtaining one in the future."