Filed 12/18/19 Modified and Certified for Publication 1/17/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID AMEZCUA, | B290632 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS169651) |
| v. | |
| LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James C. Chalfant, Judge. Affirmed.

The Gibbons Firm and Elizabeth J. Gibbons for Plaintiff and Appellant.

Hausman & Sosa, Jeffrey M. Hausman and Larry D. Stratton for Defendants and Respondents.

# I. INTRODUCTION

Plaintiff David Amezcua appeals from a judgment denying his petition for writ of mandate pursuant to Code of Civil Procedure sections 1085 and 1094.5.[1]  The Los Angeles County Sheriff's Department (the Department) hired plaintiff as a deputy sheriff and placed him on a 12-month period of probation.  During the probationary period, the Department placed plaintiff on Relieved of Duty status and extended his period of probation pursuant to rule 12.02(B) of the Los Angeles County Civil Service Rules (Civil Service Rules).[2]  (L.A. County Code, tit. 5, appen. 1.) The Department then terminated plaintiff approximately 18 months after his date of hire.

Plaintiff filed a petition for writ of mandate, contending that:  the Department improperly extended his probation; he became a permanent employee 12 months after his hire date; and as a permanent employee, he was entitled to a hearing before discharge.  The trial court denied his petition.  We affirm.

# II. BACKGROUND

A.    *Applicable Civil Service Rules*

Generally, a candidate selected for a new appointment to a position with Los Angeles County (the County) must complete a probationary period before obtaining status as a permanent

---

[1]     Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]     Further rule references are to the Civil Service Rules.

2

employee.  (Rule 12.01(A).)  "The period of probation shall be no less than six nor more than 12 calendar months from the date of appointment to a permanent position, as established by the director of personnel for each class."  (Rule 12.02(A).)  If "an employee is absent from duty during a probationary period, the appointing power may calculate the probationary period on the basis of actual service exclusive of the time away."  (Rule 12.02(B).)  "'Actual service' means time engaged in the performance of the duties of a position or positions including absences with pay."  (Rule 2.01.)  "If a change in the probationary period is made, the employee shall be notified prior to the end of the original probationary period."  (Rule 12.02(B).)

An employee who is still on probation may be terminated "without a hearing and without judicially cognizable good cause." (*Phillips v. Civil Service Com.* (1987) 192 Cal.App.3d 996, 1000; accord, *Hill v. California State University, San Diego* (1987) 193 Cal.App.3d 1081, 1090.)  A permanent employee, however, is entitled to a hearing before any such termination.  (Rule 18.03.)

B.    *Plaintiff's Employment and Firing*

On January 25, 2015, the Department hired plaintiff as a Deputy Sheriff Generalist and placed him on a 12-month period of probation.  On July 20, 2015, plaintiff became the subject of an administrative investigation when a female inmate at the detention center where plaintiff was assigned complained that plaintiff had asked her inappropriate personal questions and expressed a desire to have a relationship with her after her release.  On or about July 24, 2015, the Department placed

3

plaintiff on Relieved of Duty status.[3]  Plaintiff was told that he had to turn in his gun and his badge, go home, and stay at home from 8:30 a.m. to 5:00 p.m. from Monday through Friday.

On or about August 6, 2015, the Department sent plaintiff a letter notifying him that his probationary period was being extended pursuant to rule 12.02:  "In accordance with Civil Service Rule 12.02, your probationary period as a Deputy Sheriff Generalist . . . has been extended.  This extension is due to your absence from work as a result of being Relieved of Duty.  [¶] Upon your return to full duty status, your unit will notify Personnel Administration and your probationary period will be recalculated."  Plaintiff signed a receipt of service, certifying that he had received the letter extending his probation.

On July 18, 2016, the Department terminated plaintiff. Although the administrative investigation was deemed unresolved, the Department concluded that plaintiff had a "propensity to engage in inappropriate communication with inmates, lack of attention to safety, unethical conduct, and poor judgment."

_____

[3]     Pursuant to the Department's Manual of Policies and Procedures, "[a]n employee may be relieved of duty for disciplinary reasons . . . ."  An employee on Relieved of Duty status will have his or her badge, identification card, and County-issued firearm taken away.  Further, an employee on Relieved of Duty status may be assigned either to his or her residence or to a relieved-of-duty position.  Reasons to assign a Relieved of Duty employee to his or her residence include if the employee could be discharged.

4

C.    *Administrative Proceedings*

On July 21, 2016, plaintiff filed an appeal of the probationary discharge with the County Department of Human Resources.  On December 12, 2016, the Department of Human Resources denied plaintiff's appeal for lack of jurisdiction because plaintiff had failed to file a grievance.

On August 1, 2016, plaintiff filed an appeal of his termination with the Civil Service Commission (the Commission).  On December 7, 2016, the Commission denied plaintiff's appeal.  On December 20, 2016, plaintiff filed an amended appeal.  On February 22, 2017, the Commission denied his amended appeal.

D.    *Petition for Writ of Mandate*

On May 23, 2017, plaintiff petitioned for a writ of mandate pursuant to:  section 1085 against the Department, the County, and the County Sheriff (Sheriff); and section 1094.5 against the Commission.  Plaintiff also alleged a violation of the Public Safety Officers Procedural Bill of Rights Act (POBRA; Gov. Code, § 3300 et seq.), contending that the Department had denied him an administrative appeal under Government Code section 3304, subdivision (b).[4]  Plaintiff requested as relief:  that a section 1085 writ of mandate issue requiring the Department, the County, and

_____

[4]    Government Code section 3304, subdivision (b) provides, "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency against any public safety officer who has successfully completed the probationary period that may be required by his or her employing agency without providing the public safety officer with an opportunity for administrative appeal."

5

the Sheriff to provide plaintiff with a hearing pursuant to *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194; that a section 1094.5 writ of administrative mandate issue requiring the Commission to provide him with a hearing pursuant to rule 4.01; that an injunction issue pursuant to Government Code section 3309.5 requiring defendants to rescind plaintiff's dismissal and pay him full benefits; costs; and attorney fees. Plaintiff argued that the Department violated the Civil Service Rules by extending his probationary period; that he was never "absent from duty" within the meaning of rule 12.02(B), and that his firing as a probationary employee was improper as a matter of law because he became a permanent employee on January 24, 2016, that is, 12 months from the date of his hire.

On April 3, 2018, the trial court denied plaintiff's petition. The court first determined that "there should be no dispute that [plaintiff] was absent from duty when he was on 'relieved of duty' status." The court also concluded that plaintiff was not performing "actual service as defined in [rule] 2.01 because he was not 'engaged in the performance of the duties of a [deputy sheriff].'" Thus, pursuant to rule 12.02, the Department was entitled to release plaintiff during his extended period of probation by serving a written notice, pursuant to rule 18.05. Finally, the court found that plaintiff, as a probationary employee, was not entitled to a hearing before the Commission under rule 18.03.

# III.  DISCUSSION

## A.     *Standard of Review*

Interpretation of the Civil Service Rules is a question of law, which we review independently.  (*County of Los Angeles Dept. of Public Social Services v. Civil Service Com. of Los Angeles County* (2019) 35 Cal.App.5th 273, 284; *Dobbins v. San Diego County Civil Service Com.* (1999) 75 Cal.App.4th 125, 128; *Department of Health Services v. Civil Service Com.* (1993) 17 Cal.App.4th 487, 494.)

"The construction of county ordinances and rules is subject to the same standards applied to the judicial review of statutory enactments.  In construing a legislative enactment, a court must ascertain the intent of the legislative body which enacted it so as to effectuate the purpose of the law.  [Citations.]  [¶]  The court first looks to the language of the statute, attempting to give effect to the usual, ordinary import of the language and seeking to avoid making any language mere surplusage.  [Citations.]  Significance, if possible, is attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.  [Citations.]  The various parts of a statute must be harmonized by considering each particular clause or section in the context of the statutory framework as a whole."  (*Department of Health Services v. Civil Service Com., supra*, 17 Cal.App.4th at pp. 494–495; accord, *Dobbins v. San Diego County Civil Service Com., supra*, 75 Cal.App.4th at p. 129.)

7

B.    *Analysis*

As discussed above, a candidate selected for appointment with the Department must complete a probationary period before obtaining status as a permanent employee.  (Rule 12.01(A).)  Further, pursuant to rule 12.02(B), "If an employee is absent from duty during a probationary period, the appointing power may calculate the probationary period on the basis of actual service exclusive of the time away."  The Civil Service Rules define "actual service" as "time engaged in the performance of the duties of a position or positions including absences with pay." (Rule 2.01.)

Plaintiff raises numerous challenges to the trial court's conclusion that he was a probationary employee at the time of his firing.  First, he contends that under the Civil Service Rules, the Department was not authorized "to unilaterally extend [his] probationary period."  We reject this argument under a plain reading of rule 12.02(B), which permits the "appointing power," in this case, the Department, to "calculate the probationary period on the basis of actual service exclusive of the time away."  Thus, there is no prohibition against the Department acting unilaterally so long as the other requirements of rule 12.02(B) are met.

Plaintiff next argues that because he was paid while on Relieved of Duty status, the Department was precluded from excluding this period of time from its calculation of his 12-month period of probation under rule 12.02(B).  According to plaintiff, because "actual service" is defined as "time engaged in the performance of the duties of a position or positions *including absences with pay*" (italics added), only *absences without pay* may

8

be excluded from the calculation of the probationary period.  We disagree.  If the drafters of the Civil Service Rules intended to limit the ability of the appointing power to calculate the probationary period based on whether an employee was absent with or without pay, they could have so stated.  They did not.  To the contrary, rule 12.02 expressly permits the Department to exclude from the calculation of the probationary period, those times when an employee is "absent from duty," and makes no reference as to whether that absence is paid or unpaid.  (See *Ruiz v. Musclewood Investment Properties, LLC* (2018) 28 Cal.App.5th 15, 22 ["'We may not insert words into a statute under the guise of interpretation'"].)  Moreover, even assuming for the purposes of argument that we were to accept plaintiff's interpretation of "actual service" as "including *all* absences with pay"—and we note the term "all" does not appear in rule 2.01—we would not correspondingly accept plaintiff's interpretation of rule 12.02(B) as limiting the calculation of the probationary period "on the basis of actual service" as this construction would render the term "exclusive of the time away," which immediately follows, as mere surplusage.  (*Department of Health Services v. Civil Service Com., supra,* 17 Cal.App.4th at p. 494.)

Finally, plaintiff summarily contends that "[a]lthough the Department relieved [him] of duty, it did not cause him to be 'absent from duty,' or impose any 'time away,' as those phrases are used in [rules 12.01 and 2.01.]"  We construe this argument to mean that during the time he was on Relieved of Duty status, plaintiff was engaged in the duties of a deputy sheriff and thus not absent from or away from duty.  Because "absent" and "duty" are not defined in the Civil Service Rules, we turn to the ordinary meaning of the words.  "Duty" is defined as "obligatory tasks,

conduct, service, or functions that arise from one's position."
(Merriam-Webster's Online Dict. (2019) <http://www.merriam-webster.com/dictionary/duty> [as of Dec. 17, 2019], archived at
<https://perma.cc/K5SU-PZDZ>.)  Alternative definitions include
"assigned service or business" and "a period of being on duty."
(*Ibid*.)  "Absent" is defined as "not present at a usual or expected
place" or "missing."  (Merriam-Webster's Online Dict. (2019)
<http://www.merriam-webster.com/dictionary/absent> [as of
Dec. 17, 2019], archived at <https://perma.cc/MU72-9Z9G>.)
Thus, we interpret the term "absent from duty" to mean that an
employee is missing from his or her obligatory tasks, conduct,
service, or functions, arising from his or her position, here, the
position of deputy sheriff.

Plaintiff has not articulated what, if any, duties he was
required to perform during the period he was on Relieved of Duty
status.  To the contrary, the only evidence on this point was
plaintiff's own declaration in which he stated that the
Department took away his badge and gun and told him to go
home and stay home from 8:30 a.m. to 5:00 p.m., Monday to
Friday.  The record does not reflect that while plaintiff was
assigned home he was obligated to do any task, conduct, service,
or function of a deputy sheriff or any other employee.  Thus, there
was ample evidence to support the trial court's conclusion that
plaintiff was "absent from duty" and had "time away" from duty,
such that the Department was permitted to extend plaintiff's
period of probation pursuant to rule 12.02(B).[5]  Accordingly, the

_____

[5]    We note that in its order denying the writ petition, the trial
court stated, "But his at home status is not sufficient to meet the
definition of actual service, which requires the performance of the
duties of deputy sheriff.  [Plaintiff] had been relieved of those

10

trial court did not err in denying plaintiff's petition for writ of mandate pursuant to section 1085.

As we see no error in the trial court's conclusion that plaintiff was a probationary employee at the time of his firing, we necessarily reject plaintiff's related argument that he was entitled to a hearing before the Commission pursuant to rule 18.03. Similarly, having concluded that the Department did not act unlawfully when it extended his probationary period and declined to grant him a hearing, we reject plaintiff's related POBRA claims.

---

duties. While he was required to perform other tasks, he did so as a County/Department employee who was not performing his duties as a deputy sheriff." The record reflects that the only "task" plaintiff was required to perform was to stay at home for particular hours. Under no circumstance can the mere obligation to stay at home be characterized as one of the duties of plaintiff's position as a deputy sheriff.

11

## IV.  DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.

KIM, J.

I concur:

MOOR, J.

12

BAKER, Acting P. J., Dissenting


I respectfully dissent. The majority opinion misinterprets the Los Angeles County Civil Service Rules by disregarding key text.

The provisions of the Civil Service Rules that are important for our purposes are rule 12.02 and rule 2.01. Rule 12.02 states that "[i]f an employee is absent from duty during a probationary period, the appointing power may calculate the probationary period on the basis of actual service exclusive of the time away." Actual service, as used here, is not to be understood colloquially. Rather, it is a defined term in the Civil Service Rules, and rule 2.01 defines it: "Actual service" means time engaged in the performance of the duties of a position or positions including absences with pay.

Putting these two provisions together, an absence from work *with* pay qualifies as being engaged in the performance of the duties of a position, and under rule 12.02, a probationary period can only be extended ("calculate[d]," in the words of the rule) by excluding any "time away." Here, under the rules as drafted, plaintiff David Amezcua did not have any "time away" when placed on relieved of duty status, nor was he "absent from duty." This is true for one reason: he was being paid during that time by the County. Rule 2.01 states absences with pay qualify

as "actual service" and "time engaged in the performance of the duties of a position."

So when the majority states that if the drafters of the Civil Service Rules intended to "limit the ability of the appointing power to calculate the probationary period based on whether an employee was absent with or without pay, they could have so stated," I believe the drafters did just that. A contrary conclusion can only be drawn by disregarding rule 2.01.

Had the County relieved Amezcua without pay, rule 2.01 would not come into play. But that is not what the County did, and its election has consequences under the Civil Service Rules. I would reverse.

BAKER, Acting P. J.

2

Filed 1/17/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID AMEZCUA, | B290632 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS169651) |
| v. | |
| LOS ANGELES COUNTY CIVIL SERVICE COMMISSION et al., | **ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION** |
| Defendants and Respondents. | **[NO CHANGE IN JUDGMENT]** |

THE COURT:

Good cause appearing, the opinion in the above entitled matter, filed on December 18, 2019, is hereby modified as follows:

1.  On page 2, in the first sentence of the last paragraph beginning with "Generally, a candidate selected", delete the words "a new" before the word "appointment".

1

2.      On page 8, delete the paragraph beginning with the words "As discussed above".

3.      On page 9, line 7, delete the comma after the word "period" in the sentencing beginning with "To the contrary, rule 12.02 expressly permits".

4.      On page 9, line 12, delete the sentence beginning with "Moreover, even assuming for the purposes of argument" and insert the following:

Moreover, even assuming for the purposes of argument that we were to accept plaintiff's interpretation of "actual service" as "including *all* absences with pay"—and we note the term "all" does not appear in rule 2.01—we would not correspondingly accept plaintiff's interpretation of rule 12.02(B) as limiting the calculation of the probationary period to "the basis of actual service" only.  Plaintiff's construction would render the term "exclusive of the time away," which immediately follows, as mere surplusage.

5.      On page 10, in the paragraph that begins "Plaintiff has not articulated", second sentence, add "at" between "stay" and "home."  In the third sentence of the same paragraph, replace "was obligated to do any task" with "was obligated to engage in any task."

2

6.      On page 11, at the end of footnote 5, delete the sentence beginning with "Under no circumstance" and insert the following:

The obligation to stay at home, on its own, cannot be characterized as one of the duties of plaintiff's position as a deputy sheriff.

The opinion was not certified for publication in the Official Reports.  Upon application of respondents, over the objection of appellant, and for good cause appearing, it is ordered that the opinion shall be published in the Official Reports.

Pursuant to California Rules of Court, rule 8.1105(b), this opinion is certified for publication.  There is no change in the judgment.

BAKER, Acting P. J.          MOOR, J.          KIM, J.

3