Filed 3/9/26  States v. Mackrell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JESSICA STATES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEANIE MACKRELL,<br><br>    Defendant and Appellant. | G065683<br><br>(Super. Ct. No. 30-2018-01024594)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Glenn Mondo, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

        Jeanie MacKrell, in pro. per., for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

                        *           *           *

In 2018, the trial court issued a civil harassment restraining order against Jeanie MacKrell and in favor of Jessica States. (Code Civ. Proc., § 527.6.) At States's request, the court renewed the restraining order twice, most recently in November 2024. After the November 2024 renewal of the restraining order, States filed a motion for attorney fees pursuant to Code of Civil Procedure section 527.6, subdivision (s). The trial court granted the motion and awarded attorney fees to States and against MacKrell. MacKrell appeals from the order awarding attorney fees.

We affirm. Code of Civil Procedure section 527.6 gives the trial court discretion to award attorney fees to the prevailing party in a civil harassment restraining order proceeding and does not require the court to determine either party's ability to pay before doing so. We find no abuse of discretion in the court's award of attorney fees to the prevailing party, States.

DISCUSSION

"The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any." (Code Civ. Proc., § 527.6, subd. (s).) "The recovery of attorney fees under subdivision (s) of [Code of Civil Procedure] section 527.6 is committed to the trial court's discretion." (*Wash v. Banda-Wash* (2025) 108 Cal.App.5th 561, 568.) A discretionary attorney fees award may only be reversed "if no reasonable basis for the court's action is shown." (*Hoffman v. Superior Ready Mix Concrete, L.P.* (2018) 30 Cal.App.5th 474, 489.)

The court awarded States $8,397.43 in attorney fees and costs for the 2024 request to extend the civil harassment restraining order against MacKrell. MacKrell filed a timely notice of appeal.

The appellate record in this case is woefully inadequate. It includes only MacKrell's response to the motion for attorney fees (not the

2

motion itself) and the trial court's minute order. "A ruling by a trial court is presumed correct, and ambiguities are resolved in favor of affirmance." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) The burden of overcoming the presumption of correctness rests on the appellant. (*Id.* at 632.) It is the appellant's burden to provide an adequate appellate record clearly demonstrating the alleged error; failure to do so requires affirmance. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

In the absence of documents in the record, we quote from the trial court's minute order to better understand the background of this dispute:

"This is a sad case where for reasons unknown to the court [MacKrell]'s son and his wife [States] are both in agreement they do not want [MacKrell] to have any contact with their child, [MacKrell]'s granddaughter. While the court understands the heartbreak this might cause [MacKrell], her conduct since 2018 when the court first issued a TRO (and in 2021 and 2024 issued extensions of the original restraining order) has consistently and unwaveringly established that [MacKrell] refuses to accept this decision made by her grandchild's parents. Specifically, the court found by clear and convincing evidence that [MacKrell] repeatedly violated the restraining order by directly communicating with [States]; loitering outside [States]'s home; and leaving unwanted and unsolicited gifts for [MacKrell]'s granddaughter at [States]'s home, all in violation of the restraining order which had been issued against her. The court was also requested to take judicial notice (which it did) of case no. 25HM03907 in which [MacKrell] was charged with violating a protective order on March 13, 2025.

"The court also notes [States] could have sought attorneys' fees in her original application, or for the 2021 extension, but chose not to [do] so. And the court understands why (based on [MacKrell]'s conduct as established

3

at the hearing on [States]'s second request for an extension) [States] has finally deemed it appropriate to seek reimbursement of her fees and costs incurred.

"[States] was without doubt the prevailing party. The hourly rate charged and the sum awarded to [States] are well within the range of those charged by attorneys of similar experience and expertise. The court is convinced the sums billed by counsel to [States] were justified.

"[MacKrell] argues an award of fees and costs against her would be inappropriate because [it would be] 'beyond [her] financial capacity.' However, [MacKrell] cites no authority in support of this argument. If in fact she does not have the money to pay, [States] will presumably not be able to collect the sums awarded. However, the court cannot help but note that [MacKrell] chose to attach various exhibits related to her financial condition to her response – including evidence of retirement account funds in the sum of $125,000 as well as real estate (a home in Laguna Beach) which is paid off and has no less than $1,450,00[0] in equity.

"In reaching this decision, the court considered the amount of the fee claimed; the novelty or difficulty of the questions involved and the skill requisite to perform this service properly; the likelihood that acceptance of this particular employment would preclude other employment by the lawyer; time limitations imposed by the circumstances; the experience, reputation and ability of the lawyer performing the services; whether the fee was fixed or contingent; and the time and labor required."

The trial court found that States was the prevailing party, that counsel's hourly rate was appropriate, and that the hours billed were justified and appropriate. MacKrell provides no evidence to the contrary.

MacKrell's sole argument is that she cannot pay the attorney fees awarded against her, and the trial court erred by failing to take her financial situation into account. Code of Civil Procedure section 527.6, subdivision (s), does not require the trial court to make an initial determination of a party's ability to pay before awarding attorney fees. In other contexts, the Legislature has specifically provided by statute that the court must consider the ability to pay when awarding attorney fees and costs. (See Fam. Code, § 6344, subd. (c).) It did not do so in Code of Civil Procedure section 527.6, subdivision (s), which indicates that the ability to pay need not be considered here. This reviewing court "'may not insert words into a statute under the guise of interpretation.'" (*Ruiz v. Musclewood Property Investments, LLC* (2018) 28 Cal.App.5th 15, 22; see Code Civ. Proc., § 1858 [court interpreting statute may not insert what has been omitted].)

Despite the absence of a statutory requirement that it do so, the trial court did consider MacKrell's ability to pay. The court noted that despite MacKrell's claim that she has no steady income, she has more than $125,000 in a retirement fund and owns a home valued at almost $1.5 million with no mortgage. If such a finding was required, we would conclude the trial court's finding of MacKrell's ability to pay was supported by substantial evidence.

Finally, MacKrell argues she was never advised of her right to object to having this matter heard by a court commissioner. The minute order from November 2024 renewing the civil harassment restraining order against MacKrell states, in relevant part: "Posted notice in the Courtroom notifies all litigants that the case is being heard by a Commissioner and that failure to object will be deemed acceptance of the Commissioner as a temporary judge." We accordingly reject MacKrell's claim.

DISPOSITION

The postjudgment order is affirmed. Appellant to bear her own costs on appeal.


BANCROFT, J.*

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.